## Commonwealth v. Enders

*Andrea S. Eveler*, assistant district attorney, for the Commonwealth.
*Samuel K. Gates*, for defendant.

MILLER, *J.*, March 8, 1984 — This matter is before the court on defendant's motion to suppress the results of a breathalyzer test performed on December 23, 1983, after defendant's arrest for driving a motor vehicle while intoxicated. The chemical breath test was administered by the Fairview Township Police Department using a Smith & Wesson Model 1000 for which a Certificate of Breathtesting Device Accuracy dated December 13, 1983, was presented. The Pennsylvania Code, Title 67, §77.6(a) provides:

"An accuracy inspection test shall be conducted on every breath test device within thirty (30) days prior to having such breath test device to perform an actual alcohol breath test."

Subsection c of the same section provides:

"Upon completion of the accuracy inspection procedure . . . the Certificate of Accuracy shall be signed and dated by the certified breath test operator who performed the accuracy inspection test . . ."

In §77.3, a certified breath test operator is defined as follows:

"A person certified to administer alcohol breath tests with, and to perform various tests to ascertain the accuracy of, a particular item or items of equipment following completion of a course of instruction approved by the Departments of Health and Transportation."

The machine in question, belonging to the Fairview Township Police Department, was found to be malfunctioning early in December of 1983. It was delivered to Guth Laboratories of Harrisburg for the purpose of repair. On December 9, 1983, Sgt. Bistline of the Fairview Township Police Department was notified that the device had been repaired and could be picked up. On December 13, 1983, Sgt. Bistline picked up the breath testing device from Joseph C. Kozlowski, a certified laboratory technician at Guth Laboratories. Mr. Kozlowski testified that he repaired the instrument in question and tested it for accuracy. He testified that he gave Sgt. Bistline the test forms and the certificate of Guth Laboratories showing the testing procedures and that the machine tested accurately. Sgt. Bistline, who is himself a certified breath test operator, on the basis of the information given to him by Mr. Kozlowski, signed the Certificate of Breathtesting Device Accuracy.

We are satisfied that the procedure did not satisfy the requirements mandated to assure the accuracy of the breathtesting device. While Sgt. Bistline is a certified breath test operator, Mr. Kozlowski, who repaired and tested the machine, is not. Mr. Kozlowski presented a certificate from the Commonwealth of Pennsylvania Department of Education showing that he had "satisfactorily completed a course of instruction in preventive maintenance for

the Smith & Wesson Model 1000". While that course of instruction may well have given Mr. Kozlowski more expertise in testing the breathalyzer for accuracy, it does not qualify him as a certified breath test operator as required by the Code. Therefore, the Certificate of Breathtesting Device Accuracy as required by the Code could not have been signed and dated by him. Sgt. Bistline, who is a qualified breath test operator and who did sign and date the Certificate of Accuracy, did not perform the accuracy inspection test as required by the Code, and therefore his certification is without authority.

Of course, if Sgt. Bistline had himself performed the test either at the Guth Laboratories or at the Fairview Township Police Station, the certificate would have been sufficient.

We recognize that the requirements for proper testing and certification may be somewhat technical, but the legislature has gone to great lengths to require that evidence obtained by means of a chemical breath test be reliable. We are satisfied that the legislature intended the provisions of the act and of the rules promulgated in accordance with the act to be strictly complied with. Therefore, we are constrained to grant the defendant's motion to suppress. Accordingly, we enter the following order.

## ORDER

And now, this March 8, 1984, defendant's motion to suppress the evidence of the chemical breath test administered by the Fairview Township Police Department is granted and such evidence is suppressed.